# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA WALKER, | CASE NO. 1:10-cv-01894-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **OBJECTIONS DUE: 20 DAYS** |
| Defendant. | |

## I. INTRODUCTION

On October 12, 2010, Plaintiff Gloria Walker ("Plaintiff") filed a complaint against Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), appealing a decision of the agency with regard to her application for social security benefits. (Doc. 1.) On October 14, 2010, the Court issued a scheduling order. (Doc. 5.) Pursuant to the scheduling order, Plaintiff was to file a confidential letter brief on Defendant within 30 days after Defendant lodged the Social Security Administrative Record. (Doc. 5, ¶ 3.) The Social Security Administrative Record was lodged on April 29, 2011. (Doc. 17.) Plaintiff's confidential letter brief, therefore, was to be served on Defendant on or before June 1, 2011. Also pursuant to the October 2010 scheduling order,

Plaintiff was to file an opening brief on or before August 15, 2011.

Plaintiff failed to file an opening brief on or before August 15, 2011. On August 23, 2011, the Court issued an order requiring Plaintiff to show cause why her case should not be recommended for dismissal for failing to comply with the Court's scheduling order or, alternatively, to file an opening brief on or before September 7, 2011. The Court also ordered Defendant to file a status report indicating whether the parties had served confidential letter briefs and the dates on which that service was accomplished.

On August 29, 2011, Defendant filed a status report indicating that Plaintiff had not served upon Defendant a confidential letter brief. (Docs. 19, 20.) Further, Plaintiff failed to respond to the Court's order to show cause and failed to file an opening brief on or before September 7, 2011.

## II.    DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The October 2010 scheduling order cautioned the parties that "[v]iolations of [the] order . . . may result in sanctions pursuant to Local Rule 110. Further, the Court's August 23, 2011, order expressly stated that Plaintiff was to provide a written statement why her case should not be recommended for dismissal for failure to comply with the Court's scheduling order. (Doc. 18.) Thus, Plaintiff has been provided an opportunity to explain why she failed to comply with the scheduling order by failing to serve a confidential letter brief and by failing to file a timely opening brief.

Moreover, Plaintiff failed to comply with the Court's order to either explain the delay in filing or file her opening brief. The Court has attempted to engage Plaintiff in the litigation that she initiated, but Plaintiff has been unresponsive. Due to Plaintiff's unwillingness to comply with the Court's orders or participate in the litigation since the Social Security Administrative Record was filed in April 2011, an alternative, less dramatic sanction would be ineffective and is not warranted. *See Stewart v. City of Porterville*, No. 1:10-cv-00199 LJO SKO, Docket No. 22 (E.D. Cal. Sept. 6, 2011) ("Plaintiff has unduly delayed in prosecuting this case, unfairly clogging this Court's overburdened case load and creating prejudice to defendants. No lesser sanction is warranted because no prior effort has spurred plaintiff into action.").

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Social Security complaint be DISMISSED pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's Orders of October 14, 2010, and August 23, 2011.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 25, 2011**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE